**RECEIVED**

AUG 2 1 2013 ᴼᴶᴼ̸

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN THE MATTER OF LARRY
DOIRON, INC. AS OWNER AND
OPERATOR OF THE BARGE POGO
and THE M/V BILLY JOE

CIVIL ACTION NO. 11-1510

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Currently pending before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6)[1], filed by Certain Underwriters at Lloyd's London ("Underwriters"). [Doc. 78] By way of

their motion, Underwriters argue the third-party demand filed against them by claimant Peter Savoie

should be dismissed for failure to state a claim upon which relief may be granted. For the following

reasons, the motion is DENIED.

On August 19, 2011, Larry Doiron, Inc. ("LDI" or "Doiron") filed a complaint for

"exoneration from or limitation of liability." [Doc. 1] On September 30, 2011, Peter Savoie filed a

---

[1]A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) attacks the
complaint for failure to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th
Cir.2001). The court must accept all well-pleaded facts as true and view them in the light most favorable
to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal
quotations omitted)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467
(5th Cir.2004)). However, conclusory allegations, unwarranted factual inferences, and legal conclusions
are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a
factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*,
478 U.S. 265, 286 (1986)); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005). To survive a Rule
12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its
face." *Bell* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be
sufficient "to raise a right to relief above the speculative level," and "the pleading must contain
something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable
right of action." *Bell* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216,
pp. 235–36 (3d ed.2004)).

claim for injuries against LDI. [Doc. 6] Mr. Savoie subsequently amended his pleadings to assert a third-party claim against Underwriters, arguing Underwriters "provide[] liability insurance coverage for Doiron concerning the incident made the basis of this litigation." [Doc. 68, p.11] More specifically, in his "First Supplemental and Amending Answer and Exceptions, Claim, and Third Party Demand" (after setting forth his allegations of negligence against LDI), Mr. Savoie asserts in pertinent part as follows:

> That, at all times relevant herein, Doiron owned, operated, managed, and controlled a certain self-propelled construction crane barge, the BARGE POGO, and a crew boat known as the M/V BILLY JOE.
>
> . . . .
>
> That, . . . Doiron had been, before February 25, 2011, and was on that date, engaged, as subcontractor, by V.A.S. Gauging, Inc., to perform certain work in connection with Apache's West Lake Verret permanent production platform ("Apache's Platform").
>
> . . . .
>
> That, at all times herein mentioned, Underwriters at Lloyds, London issued a policy of primary and excess-umbrella insurance to V.A.S. Gauging, Inc. which provides liability insurance coverage for Doiron concerning the incident made the basis of this litigation.

[Doc. 68, pp. 10-11]

Underwriters have now filed this motion to dismiss, arguing Savoie "has failed to state a claim in [his] third-party demand against Underwriters under La. R.S. §22:1269 [the Louisiana Direct Action Statute] upon which relief may be granted." [Doc. 78, p.1] In their supporting memorandum, Underwriters cite this Court to section "B" of the Louisiana Direct Action statute, which provides in pertinent part:

2

B. (1) The injured person or his survivors or heirs . . ., at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido. . .; however, such action may be brought against the insurer alone only when at least one of the following applies:

> (a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.
>
> (c) Service of citation or other process cannot be made on the insured.
>
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e) When the insurer is an uninsured motorist carrier.
>
> (f) The insured is deceased.

La. R.S. 22:1269(B).  Underwriters argue because exceptions (a) through (f) do not apply to this matter, "plaintiff must sue ***both*** an insured as the alleged tortfeasor ***and*** the alleged liability insurer of that tortfeasor." [Doc. 78-1, p.5 (emphasis in original)] According to Underwriters, because their policy was issued to V.A.S. Guaging, Inc. ("VAS") and not LDI, Underwriters are entitled to dismissal of the claim brought against them, as the Direct Action statute does not allow Mr. Savoie "to sue Underwriters alone." [Id. at 4]

However, the Court notes Underwriters have omitted any discussion of section "D" of the Direct Action statute, which provides as follows:

> D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, *whether they are named insured or additional insureds under the omnibus clause, for any legal liability the insured may have as or for a tortfeasor within the terms and limits of the policy.*

3

La. R.S. 22:1269(D)(emphasis added). Thus, it appears the Direct Action statute does not require an injured party to sue the *named* insured, as the statute explicitly states its "purpose" is to provide "protection and coverage to all insureds, whether they are named insured or additional insureds . . . ." [Id.] Indeed, one of the cases cited by Underwriters in support of their argument acknowledges the Direct Action statute is not limited solely to suits against named insureds, but rather, encompasses suits against additional insureds as well. *See White v. State Farm Ins. Co.*, 862 So.2d 263, 265-66 (La. App. 2003)(Where injured parties brought claims solely against the named insured and its insurer, once named insured was dismissed from suit, and because injured parties had not sued the negligent party as an additional insured, injured parties no longer had a right of action to proceed against the insurer alone, as they had not shown any of the five enumerated circumstances listed under La. R. S. 22:1269 were applicable).

Underwriters next state, "The only potentially applicable policy issued by Underwriters is Policy No. BCGL0410, which Underwriters admit they issued to VAS." [Doc. 78-1, p.4] However, Underwriters note, "This policy was not issued to LDI, . . . nor is LDI listed as an insured or additional insured or otherwise entitled to coverage as such." [Id.] Therefore, according to Underwriters, Savoie's "conclusory allegations or legal conclusions claiming the policy Underwriters issued to VAS covers LDI should not suffice to prevent this motion to dismiss," as Underwriters "are not the liability insurers of LDI." [Id.]

The policy at issue in this matter[2] provides liability coverage for VAS, as the named insured,

---

[2]In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must look to the complaint, as well as "any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)(citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). In this matter, the policy issued by Underwriters to

as well as for entities that become "additional insureds."  Specifically, the policy contains an

endorsement, which reads in pertinent part as follows:

ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

SCHEDULE

Name of Person or Organization: Blanket - as per written contract

. . .

WHO IS AN INSURED (Section II) is amended to include as an insured the person
or organization shown in the Schedule as an Insured but only with respect to liability
arising out of your operations or premises owned by or rented to you.

[Doc. 78-2, p.8] Underwriters acknowledge the "Additional Insured" endorsement, but state that in

order to be entitled to coverage as an additional insured, the "Additional Insured" endorsement

requires: "(1) a written contract requiring VAS to name LDI as an additional insured; and (2) proof

that LDI faces liability arising out of VAS's operations." [Doc. 92, p.2; Id. at n.10]  However, neither

of the foregoing purported requirements are stated in the referenced endorsement.[3]

In this matter, Mr. Savoie has asserted a claim of negligence against LDI, as well as a direct

action claim against Underwriters, asserting LDI is an additional insured under the liability policy

issued by Underwriters to VAS.  The relevant policy, on its face, contains language allowing for

additional insured by way of endorsement; viewing the facts alleged in the light most favorable to

---

VAS has been attached to the motion to dismiss, and it is central to the claim.

   [3]While the endorsement does state "Blanket - as per written contract," a rather cryptic provision,
the endorsement is completely silent as to "proof that LDI faces liability arising out of VAS's
operations."

Mr. Savoie, the Court finds Underwriters have failed to carry their burden of proof to show Mr. Savoie has failed to state a legally cognizable claim, at this juncture and under the selected procedural vehicle. *See e.g. Lone Star Fund* at 387.  Whether coverage will, ultimately, be found is not the question now before the Court.  Accordingly, Underwriters' motion to dismiss [Doc. 78] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___21___ day of August, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

6