U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 1 9 2014

TONY R. MOORE, CLERK
BY _____
              DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

IN THE MATTER OF LARRY
DOIRON, INC. AS OWNER AND
OPERATOR OF THE BARGE POGO
and THE M/V BILLY JOE

CIVIL ACTION NO. 11-1510

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

**RULING**

Currently pending before the Court is claimant/third-party plaintiff Peter Paul Savoie's

Motion for Reconsideration of the Court's Ruling of December 4, 2013. [Doc. 113] By way of his

motion, Savoie moves the Court to "reconsider its Ruling of December 4, 2013," arguing the Court

incorrectly applied "the second part of the *Grubart* connection test." [Id.; Doc. 113-1, p. 1] Savoie

asserts had the Court properly applied the second part of the *Grubart* connection test, the Court

would have determined maritime law (as opposed to Louisiana state law) applies to Savoie's claims

against third-party defendant Apache Corporation ("Apache"). [Doc. 113-1, pp. 1-5] The motion is

opposed by Apache. [Doc. 116] For the reasons that follow, the motion is DENIED.

"The Federal Rules do not recognize a 'motion for reconsideration' in *haec verba*."

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on*

*other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). However, "[a]s long as

a district . . . court has jurisdiction over the case, then (in absence of prohibition by statute or rule),

it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order

for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

As provided by the Federal Rules of Civil Procedure, "[A]ny order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties does not end the action as to any of the claims or parties and may be revised at any time

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 54(b); *see also Stoffels ex rel. SBC Telephone Concession Plan v. SBC

Communications, Inc.*, 677 F.3d 720, 728 (5th Cir. 2012)(A trial court may reconsider and reverse

interlocutory orders for any reason it deems sufficient, "even in the absence of new evidence or an

intervening change or in clarification of the new law"). "Although the district court's discretion in

this regard is broad, it is exercised sparingly in order to forestall the perpetual reexamination of

orders and the resulting burdens and delays." *Castrillo v. American Home Mortg. Servicing, Inc.*,

2010 WL 1424398, *3 (E.D.La.)(citing *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408,

1414-15 (5th Cir. 1993); 18b Charles A. Wright *et al.*, Fed. Prac. & Proc. § 4478.1 (2d ed. 2002)).

As this Court discussed in its prior Ruling, pursuant to existing jurisprudence, "'The test to

determine the existence of a cause of action in maritime tort is identical with that applied to

determine jurisdiction in admiralty.'"[1] [Doc. 112, p.4 (quoting *May v. Transworld Drilling Co.*, 786

F.2d 1261, 1265 (5th Cir. 1986)] The Court then set forth the test for determining admiralty

jurisdiction:

---

[1]The Court additionally noted:

> The conflation of these two issues - i.e. whether admiralty jurisdiction is present
> and whether a cause of action is a maritime tort and/or whether maritime law would
> apply to a given claim against a given tort feasor- can be problematic, as many cases
> suggest the two analyses are conflated for all purposes. However, the two analyses are
> not necessarily the same, nor is the legal consequence of one always the legal
> consequence for the other. *See e.g. Grubart v. Great Lakes Dredge & Dock Co.*, 513
> U.S. 527, 545-46 (1995)("Contrary to what the city suggests . . ., exercise of federal
> admiralty jurisdiction does not result in automatic displacement of state law.")

[Doc. 112, p.4, n.4]

> [A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must assess the general features of the type of incident involved, to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

[Id. at 4-5 (quoting *Grubart v. Great Lakes*, 513 U.S. 527, 533 (1995) (internal citations and quotation marks omitted))]

By his motion for reconsideration, Savoie argues the court improperly applied the second portion of the connection test - *i.e.*, "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Grubart* at 533. Specifically, plaintiff argues:

> In applying the second part of the connection test, . . . the Court appears to have considered Apache in a vacuum rather than taking into account the engagement of Apache's fellow putative tortfeasors in traditional maritime activities. Supreme Court and Fifth Circuit precedent holds that the second part of the *Grubart* connection test is satisfied "as long as one of the putative tortfeasors was engaged in traditional maritime activity."

[Doc. 113-1, p.1 (quoting *Grubart* at 541; citing *Scarborough v. Clemco Inds.*, 391 F.3d 660, 665 (5th Cir. 2004)]

The Court agrees with Savoie "that the second part of the *Grubart* connection test is satisfied 'as long as one of the putative tortfeasors was engaged in traditional maritime activity.'"[2] However,

---

[2]As recognized by the Fifth Circuit, its interpretation of the second part of the *Grubart* connection test "is not without controversy." *In re Bertucci Contracting Co., L.L.C.*, 2013 WL 5969842, *9, n.6 (5th Cir.) *See e.g.* David W. Robertson, *Admiralty Jurisdiction Over One Co-Tortfeasor Cannot Effectuate Admiralty Jurisdiction Over Another*, 37 Mar. L. & Com. 161, 168 (2006) (arguing the Fifth Circuit in *Scarborough* misinterpreted the Supreme Court's language in *Grubart* to stand for the proposition that "the existence of admiralty jurisdiction over a plaintiff's claims against one of several

one cannot lose site of the fact that the *Grubart* decision is a decision about admiralty *jurisdiction*; aside from dicta, it does not address choice-of-law questions or application of substantive maritime law. Thus, while the "substantial relationship" portion of the "connection test" for determining admiralty *jurisdiction* "is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity and such activity is claimed to have been a proximate cause of the incident," *Grubart* at 541, such a finding does not necessarily mean substantive admiralty *law* applies to every claim against every party. *See e.g. Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996) ("The exercise of admiralty jurisdiction, however, 'does not result in automatic displacement of state law'") (quoting *Grubart* at 545). For the reasons previously provided by the Court in its Ruling of December 4, 2013, the Court finds "the general character of Apache's activities giving rise to the incident in this matter do not show a substantial relationship to traditional maritime activity," and therefore, state law applies to the claims asserted by Savoie against Apache. [Doc. 112, pp. 6-8] Accordingly, Savoie's motion for reconsideration [Doc. 113] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this __19th__ day of March, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

co-tortfeasors calls for the exercise of admiralty jurisdiction over the claims against all of the tortfeasors"; additionally arguing application of maritime law to cases against nonmaritime tortfeasors exceeds constitutional authority and violates the Tenth Amendment - rather, where admiralty jurisdiction exists against one tortfeasor, the case against nonmaritime co-tortfeasors can be heard under the court's supplemental jurisdiction, but state substantive law must be applied to those claims.)